UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO GUTIERREZ, | ) NO. SACV 12-2057-RGK (MAN) |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING PETITION |
| | ) AS SECOND OR SUCCESSIVE |
| WARDEN, MR. CASH, | ) AND DENYING A CERTIFICATE |
| | ) OF APPEALABILITY |
| Respondent. | ) |

Petitioner, a California state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254, on November 27, 2012 ("Petition"). The Petition is the third habeas petition filed by Petitioner in this Court stemming from his 1999 conviction and sentence in Orange County Superior Court Case No. 98NF2685 (the "State Conviction").

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254. For the

reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b).

**BACKGROUND**

On June 10, 2002, Petitioner filed a Section 2254 habeas petition in Case No. CV 02-4526-RGK (RC) (the "First Action"). The First Action petition arose out of the same 1999 State Conviction on which the present Petition is based. The First Action petition raised three claims, which alleged that: (1) the evidence was insufficient to support the jury's finding that the attempted murder was premeditated and deliberate; (2) Petitioner was deprived of a fair trial, because at least one juror saw him in shackles; and (3) the failure to define "malice aforethought" in one of the jury instructions deprived Petitioner of due process. The First Action was resolved adversely to Petitioner on the merits, and habeas relief was denied by Judgment dismissing the Prior Action, with prejudice, entered on March 13, 2003. Petitioner did not appeal.[1]

On January 22, 2008, Petitioner filed an application in the Ninth Circuit seeking leave to file a second or successive Section 2254 petition. On April 21, 2008, the Ninth Circuit denied the application (Case No. 08-70333).[2]

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the dockets for the United States Court of Appeals for the Ninth Circuit available electronically through the PACER system.

[2] The docket available through PACER does not append a copy of this application.

1       Although he had been denied leave to file a second or successive
2  petition, on June 12, 2008, Petitioner nonetheless filed a second
3  Section 2254 habeas petition in Case No. SACV 08-607-RGK (RC) (the
4  "Second Action").  The Second Action petition again arose out of the
5  same 1999 State Conviction on which the present Petition is based.  The
6  Second Action petition raised five claims, alleging that:  (1) the
7  evidence was insufficient to support Petitioner's conviction; (2)
8  Petitioner is actually innocent of the crime of which he was convicted;
9  (3) Petitioner's trial counsel provided ineffective assistance in
10 numerous respects; (4) Petitioner was deprived of fundamental fairness
11 and due process by the exclusion of exculpatory evidence; and (5) there
12 was cumulative error.  The Second Action was dismissed for lack of
13 subject matter jurisdiction on June 11, 2008, on the ground that the
14 Second Action petition was second or successive under 28 U.S.C. §
15 2244(b).   Petitioner appealed, and the Ninth Circuit denied a
16 certificate of appealability on May 26, 2009.

18      On June 30, 2009, Petitioner filed another application in the Ninth
19 Circuit for leave to file a second or successive Section 2254 petition.
20 By the application, Petitioner sought leave to raise claims based on the
21 ineffective assistance of counsel, the improper admission of evidence
22 (including a prior conviction and hearsay testimony), and "entrapment"
23 (actually, a sufficiency of the evidence challenge).  On August 21,
24 2009, the Ninth Circuit denied the application (Case No. 09-72027).

26      The instant Petition alleges a single claim challenging the
27 sentence imposed upon Petitioner pursuant to the State Conviction and
28 California's Three Strikes law.  Petitioner alleges that due process was

violated by the use of Petitioner's prior convictions stemming from plea bargain agreements as "strikes," because at the time the prior convictions were sustained, no evidence was presented proving beyond a reasonable doubt that the convictions constituted serious or violent felonies. Petitioner contends that unless a prior conviction is found, beyond a reasonable doubt, to constitute a "strike" at the time it is sustained, it may not be utilized as a "strike" in a subsequent criminal case. (Petition at Attachment A.) A review of the Ninth Circuit dockets shows that Petitioner has not sought or obtained leave to file a second or successive Section 2254 habeas petition in this Court.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such

second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the First Action, Petitioner sought Section 2254 relief based on the same 1999 State Conviction at issue here, and his habeas petition was resolved adversely to him on its merits. His present challenge to the validity of his 1999 sentence does not rest on newly-discovered evidence or a new rule of constitutional law. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).[3]

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, this Court lacks jurisdiction to consider the instant Petition. 28 U.S.C. § 2244(b); *see also* <u>Burton</u>, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-

---

[3] The instant Petition also appears to be substantially untimely.

85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: November 30, 2012

                                                  R. GARY KLAUSNER
                                   UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE